IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

RAUL GONZALEZ and
AARON TOWNE, individually
and on behalf of all others similarly situated

      Plaintiffs,

v.

MICHAEL SCHNELL,

      Defendant.

---

## INDIVIDUAL AND FLSA COLLECTIVE ACTION COMPLAINT

---

The Plaintiffs, Raul Gonzalez and Aaron Towne, by counsel at the Sawaya and Miller Law Firm, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), on behalf of themselves and all others similarly situated, as their Individual and FLSA Collective Action Complaint against the Defendant, Michael Schnell, state as follows:

### I.    NATURE OF ACTION

1.    In this individual and collective action, Plaintiffs Raul Gonzalez and Aaron Towne ("Plaintiffs") allege that Defendant Michael Schnell ("Schnell") – one of their "employers" as defined under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") – violated the FLSA by failing to pay the Plaintiffs and other similarly-situated workers the federal

minimum wage and overtime compensation for hours that they worked during September and October 2019.

2. Schnell is a resident of Canada who conducted business within the State of Colorado managing, running, owning and controlling Legion Rig Services, LLC ("Legion Rig") – a Delaware limited liability company with its principal place of business at 3929 County Road 39, Lucerne, Colorado 80646.

3. The Plaintiffs bring their claims in this action against Schnell individually in his role as an employer under the FLSA.

4. Plaintiff Raul Gonzalez ("Gonzalez") was employed by Legion Rig as a shop foreman. He was an hourly employee who at the time of his termination was entitled to a wage rate of $30.00 per hour and overtime compensation at a rate of $45.00 per hour.

5. Schnell failed to compensate Gonzalez for 130 hours of work he performed in September and October 2019, thus violating the FLSA.

6. Plaintiff Aaron Towne ("Towne") was employed by Legion Rig as a truck driver. He was an hourly employee who at the time of his termination was entitled to a wage rate of $33.50 per hour and overtime compensation at a rate of $50.25 per hour.

7. Schnell failed to compensate Towne for 182.5 hours of work he performed in September and October 2019, thus violating the FLSA.

8. There are at least 25-30 other individuals who, like Gonzalez and Towne, were employed by Schnell and were not paid any wages or overtime compensation for hours

they worked in September and October 2019. These similarly-situated employees ("Collective Members") were all terminated by Schnell in October 2019.

9. Plaintiffs bring this action on behalf of themselves and all of the Collective Members to recover unpaid federal minimum wages, overtime compensation liquidated damages, reasonable attorney's fees and costs.

## II.   PARTIES

10. Plaintiffs Gonzalez and Towne are a citizens of the United States of America and residents of the State of Colorado. The address of their counsel, the Sawaya & Miller Law Firm, is 1600 Ogden Street, Denver, Colorado 80218. At all times relevant to this Complaint, the Plaintiffs and the Collective Members were employed by Defendant, Schnell, who was their "employer" as defined by the FLSA.

11. Defendant Schnell is a resident of Canada who, at all times relevant to this Complaint, managed, ran, owned, operated, and/or controlled Legion Rig.

## III.   JURISDICTION AND VENUE

12. This Court has original jurisdiction over the Plaintiffs' individual and collective claims under 28 U.S.C. § 1332 because this matter involves claims under the FLSA, a duly enacted law of the United States.

13. The Court has jurisdiction over Schnell because at all times relevant to this Complaint, Schell engaged in significant business activities in Colorado, including but not

limited to managing, operating, and controlling Legion Rig, a Delaware company with its primary place of business at 3929 County Road 39, Lucerne, CO 80646.

14. Venue is proper before this Court under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the FLSA claims made herein occurred in Colorado, where the Plaintiffs reside and where

## IV. FACTUAL ALLEGATIONS

### A. GENERAL ALLEGATIONS

15. The Plaintiffs hereby incorporate the allegations in each of the above paragraphs as though fully set forth herein.

16. Schnell is an employer who, during the period relevant to this Complaint, managed, ran, owned, operated, and controlled Legion Rig.

17. At all times relevant to this Complaint, Schnell, the Plaintiffs, and the Collective Members were engaged in interstate commerce at Legion Rig. The tools and technology they used in their work were items that moved across state lines.

18. At all times relevant to this Complaint, Schnell did business of more than $500,000.00 per year.

19. Schnell was the 75% owner of Legion Rig at all times relevant to this Complaint.

20. Gonzalez was employed by Legion Rig as a shop foreman. His regular wage rate was $30.00 per hour.

21. Schnell failed to pay Gonzalez anything for 130 hours of work he performed in September and October 2019, including at least 10 hours of overtime.

22. Towne was employed by Schnell as a truck driver. His regular wage rate was $33.50 per hour.

23. Schnell failed to compensate Towne for 182.5 hours of work he performed in September and October 2019, including at least 62.5 hours of overtime.

24. There are at least 25-30 Collective Members who, like Gonzalez and Towne, were employed by Schnell and were not paid minimum wages and overtime compensation that was owed to them for work the performed in September and October 2019.

25. At all times relevant to this Complaint, Schnell was an "employer" of the Plaintiffs and the Collective Members, as defined by the FLSA, because he managed, ran, owned, operated, and/or controlled APM:

        a) Schnell was the 75% owner of APM;

        b) Schnell frequently visited Lucerne, Colorado to oversee operations at Legion Rig;

        c) Schnell instructed Collective Members on how to perform their jobs. Collective Members knew that Schnell was the ultimate owner and boss of the company and they feared losing their jobs if they did not comply with Schnell's orders;

    d) Schnell retained the ultimate power to control the amounts that were paid to Collective Members and other conditions of their employment;

    e) Schnell chose the policies that would be implemented and that had to be followed by Collective Members;

    f) Schnell had the ultimate authority and power to hire and fire employees and to supervise their work and conditions of employment, conditions of employment, to maintain their employment records and to determine their rates of pay and the method of their payment.

## COLLECTIVE ALLEGATIONS

26. Plaintiffs bring this case as a collective action under 29 U.S.C. § 216(b) on behalf of themselves and the following Collective Members:

> **All individuals who were employed by Schnell in Colorado and who performed work during September and October 2019, but were not paid minimum wages and/or overtime compensation for the hours they worked.**

27. The Collective Members are "similarly situated" under the FLSA because they were all subject to the same policy, practice or procedure, i.e., Schnell's failure to compensate them for work they performed in September and October 2019.

28. Notice should issue to the Collective Members describing the claims herein and allowing them a reasonable time as determined by the Court within which to opt in to this action.

29. The Plaintiffs have consented to join this action, and their Consents to Join are attached hereto as Exhibit 1.

## COUNT I:

### FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

### 29 U.S.C. §§ 206, 216(b)

30. The Plaintiffs hereby incorporate the allegations in each of the above paragraphs as though fully set forth herein.

31. At all times relevant to this Complaint, the Defendant was an "employer" of the Plaintiffs and the Collective Members as defined by the FLSA. 29 U.S.C. § 203(d).

32. At all times relevant to this Complaint, the Defendant, the Plaintiffs, and the Collective Members were engaged in commerce and in an enterprise engaged in commerce. 29 U.S.C. §§ 203(b) and (s).

33. At all times relevant to this Complaint, the Plaintiffs and the Collective Members were "employees" of Schnell as defined by the FLSA. 29 U.S.C. § 203(e).

34. The FLSA requires an employer to pay its employees at least the federal minimum wage of $7.25 per hour for all of the hours worked by the employees. 29 U.S.C. § 206.

35. Gonzalez and Towne each worked 120 non-overtime hours during September and October 2019, for which Schnell owes them federal minimum wages of $870.00 and liquidated damages of $870.00 under 29 U.SC. § 216(b).

36. Like the Plaintiffs, at least 25-30 other Collective Members performed work for Schnell during September and October 2019 and were not paid for their work.

37. The Plaintiffs and the other Collective Members are entitled to unpaid federal minimum wages of $7.25 per hour for the hours they worked for which they were not compensated in September and October 2019, liquidated damages, reasonable attorney's fees, and the costs of this action. 29 U.S.C. § 216(b).

## COUNT II:

### FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

### 29 U.S.C. §§ 207, 216(b)

38. The Plaintiffs hereby incorporate the allegations in each of the above paragraphs as though fully set forth herein.

39. The FLSA requires an employer to pay its employees overtime compensation at a rate of one and one-half times the employees' regular rates of pay for all of the hours they work in excess of 40 per week. 29 U.S.C. § 207.

40. During September and October 2019, the Plaintiffs and Collective Members worked overtime hours for which Schnell paid them nothing.

41. Gonzalez worked at least 10 hours of overtime in September and October 2019, for which Schnell paid him nothing. Schnell is therefore liable to Gonzalez for overtime compensation of $450.00, plus liquidated damages of $450.00.

42. Towne worked at least 62.5 hours of overtime in September and October 2019, for which Schnell owes him overtime compensation of $3,140.63, plus liquidated damages of $3,140.63.

43. The Plaintiffs and other Collective Members who worked over 40 hours per week during September and October 2019 and who were not paid overtime compensation are entitled to back wages at one and one-half times their regular rates of pay, liquidated damages, reasonable attorney's fees and costs. 29 U.S.C. § 216(b).

### V. PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs, on behalf of themselves and all others similarly situated, respectfully ask the Court to find in their favor and against the Defendant and in addition:

  A. Issue a declaratory judgment condemning and finding unlawful the Defendant's violations of the FLSA;

  B. Conditionally certify this case as a collective action under 29 U.S.C. § 216(b), appoint the Plaintiffs and their counsel as representatives of the Collective Members, and authorize notice of this action to be sent to the Collective Members;

C. Award the Plaintiffs and the Collective Members unpaid minimum wages at the federal minimum wage and unpaid overtime compensation;

D. Award the Plaintiffs and the Collective Members liquidated damages in an amount doubling all unpaid minimum wages and overtime compensation;

E. Award the Plaintiffs appropriate service awards for their time and efforts on behalf of the Collective Members in this action;

F. Award the Plaintiffs their reasonable attorney's fees and the costs of this action; and

G. Grant any other and further relief to the Plaintiffs and the Collective Members that the Court finds to be equitable and just.

Respectfully submitted,

*Adam M. Harrison*

_____
David H. Miller, Esq.
Adam M. Harrison, Esq.
THE SAWAYA & MILLER LAW FIRM
1600 Ogden Street
Denver, Colorado 80218
Telephone: 303-839-1650
E-mail: DMiller@sawayalaw.com
AHarrison@sawayalaw.com

*Counsel for the Plaintiffs*