IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 20-cv-00303-CMA-SKC

RAUL GONZALEZ, *individually and on behalf of all others similarly situated*,
AARON TOWNE, *individually and on behalf of all others similarly situated*,

    Plaintiffs,

v.

MICHAEL SCHNELL,
CHRIS CHALLIS,

    Defendants.

---

### ORDER GRANTING PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION

---

This matter is before the Court on Plaintiffs' Motion to Conditionally Certify FLSA Collective or, in the Alternative, to Permit Joinder, and Motion for Judicial Notice to Potential Members of Collective ("Motion for Conditional Certification" or "Motion") (Doc. # 32), wherein Plaintiffs move the Court to conditionally certify this case as a collective action under the Fair Labor Standards Act ("FLSA") and to approve Plaintiffs' proposed form of notice. Plaintiffs' Motion is unopposed. For the reasons that follow, the Motion is granted.

### I.    BACKGROUND

Legion Rig Services, LLC ("Legion Rig") was an oil and gas rig services company that operated out of Lucerne, Colorado. (Doc. # 24 at 2.) Defendant Michael Schnell was a 75% owner of Legion Rig, and Defendant Chris Challis was a 25% owner. (*Id.* at

5.) Plaintiffs allege that Mr. Schnell operated and controlled Legion Rig starting in July of 2019, at which time he "announced to all that he was in control of the workers and the payment of their wages" and required that all spending be approved by him. (Doc. # 32 at 5) (citing (Doc. # 32-1); (Doc. # 32-3 at ¶¶ 8–11)). Mr. Schnell officially removed Mr. Challis from the Board of Directors and made himself the CEO and President of Legion Rig in mid-September 2019. (*Id.* at 7) (citing (Doc. # 32-3 at ¶ 11)).

Plaintiffs initiated the instant case with their Individual and FLSA Collective Action Complaint on February 5, 2020. (Doc. # 1.) Therein, Plaintiffs brought claims against Mr. Schnell individually in his role as an employer under the FLSA. In support thereof, Plaintiffs alleged that Mr. Schnell employed the workers at Legion Rig at all times relevant to the Complaint and that Mr. Schnell failed to pay his employees minimum wages and overtime compensation for work they performed during September and October 2019. *See generally* (*id.*). Mr. Schnell answered the Complaint on March 23, 2020, denying that he was Plaintiffs' employer and alleging that Plaintiffs' true employer was Mr. Challis. (Doc. # 7 at ¶¶ 3, 19.)

Based on this representation, Plaintiffs moved to amend their Complaint to add Mr. Challis as a defendant to the case. (Doc. # 21.) The Court granted Plaintiffs leave to file their Amended Individual and FLSA Collective Action Complaint ("Amended Complaint"). Defendant Schnell was served on July 21, 2020, and has failed to respond to the Amended Complaint as of the date of entry of this Order. Plaintiffs have yet to serve Mr. Challis. They noted in their Motion that information received after the filing of the Amended Complaint indicates that "Defendant Schnell's allegations that Mr. Challis was the actual employer of Plaintiffs is baseless, and so Plaintiffs will not at this time be

pursuing such claims against Mr. Challis subject to new information to the contrary." (Doc. # 32 at 3–4) (footnote omitted).

Accordingly, in the instant Motion, Plaintiffs do not request any relief related to Mr. Challis. Instead, Plaintiffs move the Court for an order conditionally certifying a collective action of the following individuals: "all persons who performed hourly services as workers for **Defendant Schnell** for their regular and overtime hours during the months of September and October 2019 at Legion Rig but who were not paid for such work." (Doc. # 32 at 4) (emphasis added). Plaintiffs further move the Court to approve their proposed form of notice, to authorize a notice period of 75 days, and to order Defendant Schnell to provide contact information for the putative class members. No response to the Motion has been filed.

## II.     LEGAL STANDARDS

Section 216(b) of the FLSA provides that an action under the FLSA for minimum wage violations "may be maintained against any employer . . . by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Collective actions benefit the judicial system by enabling the "efficient resolution in one proceeding of common issues of law and fact . . . ." *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989). Further, a collective action gives similarly situated plaintiffs "the advantage of lower individual costs to vindicate rights by the pooling of resources." *Id.*

The Tenth Circuit has approved the use of a two-step process for determining whether the putative class members are similarly situated to the named plaintiff. *See Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102-1105 (10th Cir. 2001). At the

first step, prior to discovery, the district court makes a "notice stage" determination of whether the plaintiffs are similarly situated. For conditional certification at the notice stage, the Tenth Circuit "require[s] nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Id*. at 1102 (quoting *Vaszlavik v. Storage Tech. Corp.*, 175 F.R.D. 672, 678 (D. Colo. 1997)). The standard for conditional certification at the notice stage, then, "is a lenient one."[1] *Wass v. NPC Int'l, Inc.*, No. 09-2254, 2011 WL 1118774, at *3 (D. Kan. Mar. 28, 2011) (unpublished); *see also Renfro v. Spartan Computer Servs., Inc.*, 243 F.R.D. 431, 432 (D. Kan. 2007) ("This initial step creates a lenient standard which typically results in conditional certification of a representative class."). At this stage, the Court "does not weigh evidence, resolve factual disputes, or rule on the merits of the plaintiffs' claims." *Bryant v. Act Fast Delivery of Colorado, Inc.,* No. 14-cv-870-MSK-NYW, 2015 WL 3929663, at *2 (D. Colo. June 25, 2015).

### III.   DISCUSSION

**A.   CONDITIONAL CERTIFICATION**

The Court finds that Plaintiffs have carried their minimal burden at the notice stage of "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Thiessen*, 267 F.3d at 1102. Plaintiffs allege

---

[1] The second step for class certification under § 216(b) demands a higher level of scrutiny. At the second step, which occurs after discovery is complete and often prompted by a motion to decertify, a district court examines, *inter alia*, "any disparate factual and employment circumstances shown in the record, whether defenses asserted by the defendant are individual to certain plaintiffs, and fairness and procedural considerations." *Bass v. PJComn Acquisition Corp.*, No. 09-cv-01614, 2010 WL 3720217, at *2 (D. Colo. Sept. 15, 2010) (unpublished). The instant Motion requires the Court to determine only whether Plaintiffs have satisfied the first step of the *Thiessen* two-step approach.

that all of the putative class members were subject to the same illegal policies and/or practices that resulted in FLSA violations.

Specifically, Plaintiffs allege that Defendant Schnell is a joint employer under the FLSA and that Mr. Schnell violated the FLSA by failing to pay Plaintiffs and similarly situated workers for work performed during September and October 2019. *See* 29 U.S.C. § 203(d). Plaintiffs allege that Defendant Schnell was in control of the workers and the payment of their wages during the relevant time period. *See, e.g.*, (Doc. # 24 at 7) (alleging that "Schnell and/or at some point(s) in 2019, Challis, retained the ultimate power to control the amounts that were paid to Collective Members and other conditions of their employment."). Moreover, Plaintiffs attached to their Motion for Conditional Certification two emails sent by Mr. Schnell that demonstrate his control over the Legion Rig payroll.[2] Plaintiffs also submitted the Declarations of Chris Challis and Eric Tornquist, which attest to how Mr. Schnell controlled Legion Rig and its payroll during the relevant time period.[3] Further, Plaintiffs allege that, in his capacity as an employer under the FLSA, Mr. Schnell failed to pay Plaintiffs and at least 25 to 30 similarly situated workers the federal minimum wage and/or overtime compensation for hours worked during September and October 2019. (Doc. # 24 at 2–3.) All of the workers were terminated in October 2019. (*Id.*)

---

[2] *See* (Doc. # 32-1 at 1) (stating, in part, "[n]o checks to be written without my prior approval"); *see also* (Doc. # 32-6) (explaining how salaries would be paid for the next payroll cycle and stating "I will review all increases or changes in employment conditions on an individual basis and, when approved, such payrises [sic] will be added to the next paycheck on a retroactive basis.").

[3] *See* (Doc. # 32-3 at ¶¶ 8–11(Challis Declaration)); (Doc. # 32-5 at 2 (Tornquist Declaration)) (stating that Mr. Schnell took over Legion Rig in September of 2019, "made the decision to sell the assets and close the company down," and said there would be pay for employees who helped get Legion Rig's assets to auction some time in or after October 2019).

The Court finds that the allegations in Plaintiffs' Amended Complaint, in combination with the emails from Mr. Schnell and the Declarations of Mr. Challis and Mr. Tornquist, constitute "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Thiessen*, 267 F.3d at 1102. Therefore, conditional certification of a FLSA collective action is appropriate in this case.

**B.    NOTICE**

Plaintiffs also move the Court to approve their proposed form of notice (Doc. # 32-4) and to allow them to provide notice to the putative class members during a period of 75 days. (Doc. # 32 at 6.)

In light of the Court's conclusion that conditional certification of a FLSA collective action is appropriate in this case, Plaintiffs may disseminate notice and consent forms to potential class members. *See Hoffman–La Roche,* 493 U.S. at 169–70. Upon review of the proposed form of notice, the Court concludes that the notice is fair and accurate and no alterations to the notice are necessary. *See Smith v. Pizza Hut, Inc.*, No. 09-CV-01632-CMA-BNB, 2012 WL 1414325, at *7 (D. Colo. Apr. 21, 2012) (quoting *Lewis v. ASAP Land Exp., Inc.,* No. 07–CV–2226, 2008 WL 2152049, at *2 (D. Kan. May 21, 2008) (unpublished)) ("Under the FLSA, the Court has the power and duty to ensure that the notice is fair and accurate, but it should not alter plaintiff's proposed notice unless such alteration is necessary."). The Court also concludes that the requested 75-day notice period, to which there is no objection, is reasonable under the circumstances.

## IV. **CONCLUSION**

For the foregoing reasons, it is ORDERED as follows:

- Plaintiffs' Motion to Conditionally Certify FLSA Collective or, in the Alternative, to Permit Joinder, and Motion for Judicial Notice to Potential Members of Collective (Doc. # 32) is GRANTED;

- A FLSA collective action of the following individuals is hereby conditionally certified:

  all persons who performed hourly services as workers for Defendant Schnell for their regular and overtime hours during the months of September and October 2019 at Legion Rig but who were not paid for such work;

- Plaintiffs' proposed Notice of Collective Action Lawsuit (Doc. # 32-4) is APPROVED;

- Plaintiffs are authorized to send notice to said individuals during a period of 75 days; and

- Defendant Schnell is ORDERED to provide Plaintiffs with a list of contact information for said individuals within ten (10) days of the date of entry of this Order.

DATED: November 25, 2020

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge