**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 20-cv-00303-CMA-SKC

RAUL GONZALEZ, *individually and on behalf of all others similarly situated*,
AARON TOWNE, *individually and on behalf of all others similarly situated*,

     Plaintiffs,

v.

MICHAEL SCHNELL,
CHRIS CHALLIS,

     Defendants.

---

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR SANCTIONS**

---

     This matter is before the Court on Plaintiffs' Motion for Discovery Sanctions (Doc. # 34) and Magistrate Judge S. Kato Crews's Order to Show Cause returnable by Defendant Michael Schnell (Doc. # 44).

     In their Motion for Discovery Sanctions, Plaintiffs move the Court, pursuant to Fed. R. Civ. P. 37, for various sanctions against Defendant Schnell, including entry of judgment, dismissal with prejudice of Defendant's affirmative defenses, the prohibition to call witnesses on any issue included within the discovery served upon him and not responded to, an award of reasonable attorneys' fees and costs, and such other relief as the Court deems just. (Doc. # 34 at 1.)

In a text order dated December 22, 2020, Judge Crews set a telephonic discovery conference in this matter for January 20, 2021, to discuss Plaintiffs' Motion for Sanctions and other pending discovery issues. (Doc. # 40.) The December 22, 2020 Order warned the parties that failure to appear "could be grounds for sanctions within the Court's discretion." (*Id.*) Nevertheless, Defendant Schnell failed to appear at the discovery conference.

On January 20, 2021, Judge Crews ordered Defendant Schnell to show cause in writing, **by January 30, 2021**

> why default judgment should not enter against him, or why other sanctions should not be imposed against him, for his: (1) failure to appear at the January 20, 2021 discovery conference; (2) failure to respond to Plaintiffs' second set of discovery requests; (3) failure to answer the amended complaint; (4) failure to respond to Plaintiffs' first set of written discovery requests; (5) failure to confer over discovery disputes in accordance with the magistrate judge's applicable standards; and (6) failure to comply with District Judge Arguello's Order [37] dated November 25, 2020[, which required Defendant Schnell to provide Plaintiffs contact information for all potential class members within 10 days of the issuance of the order].

(Doc. # 44.) To date, Defendant Schnell has failed to respond to the Order to Show Cause.

It is manifest from the record that Defendant Schnell has defaulted. His numerous failures to appear, failures to respond to any of Plaintiffs' outstanding discovery requests, and failures to comply with various court orders have brought this litigation to a halt. The Court concludes that default judgment is an appropriate sanction for Defendant Schnell's egregious conduct. *See, e.g.*, *CGC Holding Co., LLC v. Hutchens*, No. 11-CV-01012-RBJ-KLM, 2016 WL 1238149, at *18 (D. Colo. Mar. 30, 2016) ("In cases involving extreme discovery abuses and usually other egregious

misconduct, the Court may enter default judgment as a sanction."); *Klein v. Harper*, 777 F.3d 1144 (10th Cir. 2015) (imposing default judgment against *pro se* defendant who failed to appear at scheduling conference, filed frivolous pleadings after being warned and sanctioned, failed to pay sanctions, and completely failed to respond to opposing party's discovery requests); *Chicago Ins. Co. v. Hamilton*, No. 09-cv-01815-LTB-MJW, 2010 WL 2541133 (D. Colo. May 26, 2010) (imposing default judgment on *pro se* defendant who failed to properly respond to complaint, repeatedly and willfully disregarded court orders, failed to timely respond to interrogatories and requests for production, and failed to respond at all to requests for admissions); *Peregrine Commc'ns, Inc. v. Securenet, LLC*, No.08-cv-02277-CBS-KLM, 2009 WL 902411 (D. Colo. Apr. 1, 2009) (imposing default judgment against party who failed to appear at two hearings, failed to comply with court orders, failed to comply with the Federal Rules of Civil Procedure and Local Rules, failed to respond to an Order to Show Cause, and failed to appear through counsel). Accordingly, it is

ORDERED that Plaintiffs' Motion for Discovery Sanctions (Doc. # 34) is GRANTED IN PART AND DENIED IN PART. It is GRANTED IN PART as follows:

- The Clerk of Court is DIRECTED to issue an Entry of Default as to Defendant Michael Schnell;

- Plaintiffs shall file a Motion for Default Judgment against Defendant Schnell by March 22, 2021; and

- Plaintiffs may file separate motions for attorneys' fees and costs in accordance with the Federal Rules of Civil Procedures, District of Colorado Local Rules,

and this Court's Civil Practice Standards. *See, e.g.*, CMA Civ. Practice

Standard 7.1F(b).

The remainder of the Motion is DENIED WITHOUT PREJUDICE.


DATED:  February 19, 2021

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge